## Cannon Valley Milling Company *v.* Campbell, Appellant.

*Contracts—Breach of contract—Judgment on whole record—Act of April 9, 1915, P. L. 48—Case for jury.*

In assumpsit for breach of contract, judgment on the whole record may not be entered, if a distinct issue of fact depending on oral evidence is presented for determination. In such circumstances, the defendant is entitled to have the facts determined by a jury.

Argued April 23, 1923.  Appeal, No. 30, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, "D", No. 2596, affirming judgment of county court in the case of Cannon Valley Milling Company v. Agnes Campbell, trading as Joseph Campbell Estate. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Certiorari to County Court of Allegheny County. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the decision of the county court. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Andrew G. Smith,* for appellant, cited: Bank v. Donaldson, 6 Pa. 179; Coal Co. v. Evans, et al., 176 Pa. 28; Colonial Trust Co. v. Getz, 28 Superior Ct. 619; Harlow & Co. v. Homestead, 194 Pa. 57.

*Frank W. Stonecipher,* and with him *John M. Ralston,* for appellee.

402 CANNON VAL. M. CO. *v.* CAMPBELL, Appellant.

OPINION BY LINN, J., July 12, 1923:

Plaintiff sued in the county court for damages resulting from defendant's failure to take 250 barrels of flour alleged to have been ordered. The jury disagreed, whereupon plaintiff, whose request for binding instructions had been refused, moved that the evidence be certified as part of the record and for judgment thereon. The motion was granted and judgment entered for $1,250. Defendant then removed the record to the common pleas by certiorari pursuant to section 9 of the County Court Act (Amendment of 1915, P. L. 48, 53), where the judgment was affirmed. Defendant appeals.

If the record presents any dispute about essential facts, the judgment cannot be sustained. Our consideration of the appeal is simplified by the following statement in appellant's brief, "......for the purpose of this appeal we......consider the defendant bound by......a valid contract if its acceptance has been established." We therefore inquire what there is showing plaintiff's acceptance.

The order provided that it should not bind until the seller had "mailed or placed in course of transmission by telegram to buyer......its acceptance or confirmation......not later than 20 days from date hereof...... unless offer......is revoked by buyer before such acceptance." Plaintiff offered oral evidence of the writing and mailing of an acceptance. That of course would be for the jury. But the court below concluded the judgment could be sustained because the confirmation [1] "was alleged by the plaintiff in the pleadings and not denied, and [2] besides was indicated by later correspondence which was in evidence."

1. The difficulty with the first position is that the part of the pleadings averring the fact was not put in evidence; some parts of the statement, with the answers in the affidavit of defense were read in evidence, but not the allegation of acceptance or confirmation of the order; the practice is governed by the rule stated in Buehler

v. U. S. Fashion Plate Co., 269 Pa. 428, 432, for, while the opinion in that case was predicated of the Practice Act of 1915, P. L. 483, uniformity of practice, as well as the similarity of the corresponding provisions of the County Court Act (P. L. 1911, p. 200, section 7c) make like procedure in the county court desirable.

2. The reference to the correspondence was doubtless inadvertent, for neither in the printed record, nor in the original record as transcribed and certified, can we find such letters.

As the fact, then, depended on oral evidence, defendant may insist on having it found by a jury; the county court, therefore, erred in entering the judgment, and the common pleas in affirming it.

The record is remitted with instructions to reverse the judgment, and to return the record to the county court for trial.